Morris **IDELEVITZ**, Plaintiff,

v.

**CITY OF GLEN COVE**, and Joseph A. Suozzi, as Mayor, Harvey L. Doxey, Robert Danis, James L. Hartigan and Joseph Reilly, Jr., as and constituting the Council of the City of Glen Cove, Defendants.

Civ. No. 16969.

United States District Court
E. D. New York.
Jan. 5, 1960.

Munley & Meade, Great Neck, L. I., N. Y., for plaintiff, John H. Munley, Great Neck, L. I., N. Y., of counsel.

Luke A. Mercadante, Glen Cove, L. I., N. Y., for defendants.

BRUCHHAUSEN, Chief Judge.

The plaintiff seeks a judgment declaring null, void and unconstitutional a Zoning Ordinance of the defendant, City of Glen Cove.

The facts are undisputed. On January 3, 1953 the defendant adopted the said Ordinance. On August 24, 1954, the plaintiff was convicted on thirty-four separate and distinct counts, charging violations of said Ordinance and was sentenced to pay a fine of $100 for each count, or be imprisoned for a period of ten days for each count. He was confined for a period of seventy-two days. Thereafter he paid to the Warden the sum of $2,700 in satisfaction of the fines then owing. Subsequent to plaintiff's release from jail and prior to the commencement of this action, the plaintiff conveyed title to the premises, which were the subject of the prosecution.

The Court possesses no jurisdiction over the subject matter unless the case involves an actual controversy. Title 28 U.S.C.A. § 2201. In Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 the Court defined the term "controversy" as used in this Act as that which is "appropriate for judicial determination." It "must be definite and concrete, touching the legal relations of parties having adverse legal interests" and "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Furthermore, the Court may not express an opinion upon the constitutionality of any legislative act except as presented to it in an actual controversy arising from adverse claims of litigants. Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246. The Court, 219 U.S. at page 361 thereof, 31 S.Ct. at page 255, stated:

"The right to declare a law unconstitutional arises because an act of Congress relied upon by one or the other of such parties in determining their rights is in conflict with the fundamental law. The exercise of this, the most important and delicate duty of this court, is not given to it as a body with revisory power over the action of Congress, but because the rights of the litigants in justiciable controversies require the court to choose between the fundamental law and a law purporting to be enacted within constitutional authority, but in fact beyond the power

·delegated to the legislative branch ·of the government."

The rule of the Muskrat case is ·equally applicable to a claim that a municipal ordinance is violative of constitutional mandate. See Tower Realty, Inc. v. City of East Detroit, 6 Cir., 196 F.2d 710.

As above stated, the plaintiff, ·prior to the commencement of this action, ·conveyed title to the premises which were the subject of the prosecution. It is ·clear, therefore, that there is no justi·ciable controversy between the parties. It is settled law that the constitutional powers of the Federal Courts do not grant them competence to render advisory opinions, such as is the basis of plaintiff's complaint.

The complaint is dismissed, with costs.